The Honorable Charlie Daniels Commissioner of State Lands State Capitol Building Little Rock, AR 72201
Dear Commissioner Daniels:
This is in response to your request for a clarification of Opinion Number 87-013. (Enclosed herein.) Your request focuses upon the first question addressed in that Opinion: "Is there a statute of limitations on paying taxes?"
It appears from the context in which this question was asked that the inquiry was aimed at county ad valorem real estate taxes. While a five (5) year statute of limitations is applicable under the Arkansas Tax Procedure Act [A.C.A. 26-18-306(h), formerly Ark. Stat. Ann. 84-4715(a) (Repl. 1980)], it must be recognized that this limitation period applies to the collection of state taxes.
Since this 5 year limitation provision was cited in Op. No. 87-13 in response to the question involving statutes of limitation on paying taxes, clarification is necessary. As noted in Op. No. 87-13, Section 15 of Act 401 of 1979 (A.C.A 26-18-306) states in pertinent part:
 Where the assessment of any tax imposed by any state law has been made within the period of limitation properly applicable thereto, the tax may be collected by levy or proceeding in court, but only if the levy is made or the proceeding is begun within five (5) years after the date of the assessment of the tax.
Arkansas Code of 1987 Annotated 26-18-306(h).
The term "assessment" is defined under A.C.A. 26-18-104(1) as follows:
 `Assessment' means the determination and imposition of the amount of any state tax due and owing, whether made on a return filed by a taxpayer or by the commissioner on audit or otherwise.
"State tax" is defined as ". . . any tax, or any fee for a license, permit, or registration which is payable to, collected by, or administered by the Revenue Division, Department of Finance and Administration, State of Arkansas." A.C.A. 26-18-104(12).
It must therefore be concluded that the above-cited five (5) year statute of limitations does not apply to the collection of ad valorem real property taxes, since those taxes are not payable to, collected by, or administered by the Department of Finance and Administration.
It must also be noted, with respect to ad valorem property taxes, that all tax-delinquent land upon which the taxes have not been paid for two (2) years must be transferred to the Commissioner of State lands for collection or sale. A.C.A. 26-37-101. Thus, taxes will ordinarily not be collected at the county level after the two (2) year delinquent period (and transfer of the lands to the Land Commissioner) until local officials have been notified that the land is subject to taxation. See A.C.A. 26-26-107.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.